IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE PILLERS, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | C.A. NO. 4:11-cv-1926 |
| | § | |
| NYGARD NY RETAIL, LLC;  AND | § | |
| NYGARD NY RETAIL, LLC D/B/A | § | |
| NYGARD INTERNATIONAL | § | |
| PARTNERSHIP, | § | JURY TRIAL DEMANDED |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Stephanie Pillers ("Pillers" or "Plaintiff"), to file this Original Complaint, complaining of Nygard NY Retail, LLC and Nygard NY Retail LLC d/b/a Nygard International Partnership (collectively "Nygard," "Defendant" or "Defendants"), and for cause of action would show as follows:

## I.
## INTRODUCTION

1.  This action seeks equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.  Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3.  Plaintiff Stephanie Pillers is a female citizen of the United States of America, residing in Cypress, Harris County, Texas. Pillers is a former employee of Defendants.

4.      Defendant Nygard NY Retail, LLC is a New York Limited Liability Company authorized to do business in the State of New York.  Service of the Summons and this Complaint may be made by serving this Defendant's registered agent, Abraham N. Rubinfeld, Nygard International Partnership, 1435 Broadway, New York, New York, 10018-1909.

5.      Defendant Nygard NY Retail, LLC d/b/a Nygard International Partnership is a New York Limited Liability Company authorized to do business in the State of New York. Service of the Summons and this Complaint may be made by serving this Defendant's registered agent, Abraham N. Rubinfeld, Nygard International Partnership, 1435 Broadway, New York, New York, 10018-1909.

6.      Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

7.      This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 (federal question) since Plaintiff is bringing this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

8.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367.

9.      The Court has personal jurisdiction over Defendants since they regularly conduct business in the State of Texas, and therefore have minimum contacts with the State of Texas.

10.     Alternatively, the Court has personal jurisdiction over Defendants since the acts giving rise to this suit occurred within the State of Texas.

11.     Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

12.     The amount in controversy is within the jurisdictional limits of this Court.

13.     This Court has jurisdiction over all claims in this action.

14.     All conditions precedent, if any, to filing this cause of action have been met.

## IV.
## <u>FACTUAL BACKGROUND</u>

15.     Plaintiff worked for Defendants until her termination on or about August 27, 2010.

16.     Plaintiff was employed as a Retail Merchandise Specialist – Houston.

17.     Plaintiff performed her job duties for Defendants in Harris County, Texas.

18.     Plaintiff's effective date of hire by Defendants was February 6, 2006.

19.     As part of Plaintiff's compensation package with Defendants, she received allowances for a car and clothing.

20.     As part of Plaintiff's compensation package with Defendants, she was eligible for bonuses provided she was still employed with Defendants as of the date those bonuses were paid.

21.     Plaintiff's salary was based on a forty hour per week work-week.

22.     Plaintiff was a full time, non-exempt employee of Defendants.

23.     Plaintiffs' primary job duties required Plaintiff to work over 40 hours per week throughout her employment with Defendants.

24.     As a non-exempt employee, Plaintiff was entitled to overtime pay.

25.     Plaintiff was not correctly compensated for hours she worked in excess of 40 hours per week.

26.     During the time Plaintiff was employed by Defendants, she was only paid her regular salary, regardless of any overtime she might have worked.

27.     Defendants failed to comply with the FLSA by failing to pay Plaintiff overtime for the hours over forty hours per week that she worked.

28.     Defendants' practice of failing to correctly pay Plaintiff for overtime hours is a violation of the FLSA.

29.     The illegal pattern or practice on the part of Defendants with respect to overtime compensation for Plaintiff was in violation of the FLSA.

30.     No exemption excused Defendants from paying Plaintiff overtime for the overtime hours she worked.

31.     Defendants did not make a good faith effort to comply with the FLSA.

32.     Defendants knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

**V.**
**FLSA VIOLATIONS / COLLECTIVE ALLEGATIONS**

33.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

34.     The foregoing facts demonstrate that Defendants has willfully violated the Fair Labor Standards Act with regard to Plaintiff.

35.     Plaintiff requests all damages allowed to her under the FLSA for Defendants' willful violation of the FSLA.

## VI.
## DAMAGES

36.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

37.     Plaintiff has lost compensation, including benefits, from the date of her termination through the date of trial, for which she seeks as back pay.

38.     In addition, Plaintiff demands front pay, including but not limited to any and all differential between her former salary, including benefits, with the salary and benefits of current and/or future employers, or reinstatement.

39.     Plaintiff has also suffered emotional distress and mental anguish as a result of Defendants' conduct and Plaintiff seeks renumeration for same.

40.     The FLSA violations by the Defendants give rise to the following damages:  back wages, liquidated damages, pre-judgment interest, and attorneys' fees.

41.     Additionally, since Defendants' actions were committed maliciously, willfully, and/or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

42.     Plaintiff further seeks punitive and/or exemplary damages for Defendants' conduct listed above as allowed by statute.

43.     In addition, Plaintiff seeks attorneys' fees, expert witness fees, pre-judgment and post-judgment interest, and costs of court as allowed under the relevant statute.

## VII.
## ATTORNEYS' FEES

44.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

45.     As a result of the acts and omissions of Defendants, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on her behalf.

46.     Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et seq.*, and other relevant statutes.

## VIII.
## JURY DEMAND

47.     Plaintiff hereby requests a trial by jury on all issues triable by a jury in this case.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant Plaintiff judgment for the following:

A.     For actual damages for the period of time provided by law, including appropriate backpay and reimbursement for loss pension, insurance, and all other benefits;

B.     Reinstatement, or if reinstatement is deemed not feasible, front pay;

C.     For compensatory damages and punitive damages as allowed by law;

D.     For liquidated damages allowed under the FLSA;

E.     For attorneys' fees;

F.     For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

G.      For pre-judgment and post-judgment interest as allowed by law;

H.      For costs of court, costs of prosecuting Plaintiff's claim; and

I.      For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.

   /s/  Joseph Y. Ahmad
Joseph Y. Ahmad
joeahmad@azalaw.com
Texas Bar No. 00941100
SDTX ID #11604
Ahmad, Zavitsanos & Anaipakos, P.C.
3460 Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:      (713) 655-1101
Telecopier:      (713) 665-0062

Of Counsel:
        Ahmad, Zavitsanos & Anaipakos, P.C.
        3460 Houston Center
        1221 McKinney Street
        Houston, Texas 77010
        Telephone:      (713) 655-1101
        Telecopier:      (713) 665-0062

ATTORNEYS FOR PLAINTIFF
STEPHANIE PILLERS

## NOTICE OF ELECTRONIC FILING

I, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 19th day of May, 2011.

        /s/  Joseph Y. Ahmad
        Joseph Y. Ahmad